**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

DANIELLE LYN ANTONELLI,     :

     Plaintiff,     :

     :     Civil No. 19-16962 (KMW/AMD)

     v.     :

     :     **MEMORANDUM OPINION AND**

GLOUCESTER COUNTY HOUSING     :     **ORDER**

AUTHORITY, *et al.*,     :

     :

     Defendants.     :

**WILLIAMS**, United States District Judge:

     **THIS MATTER** comes before the Court on *pro se* Plaintiff Danielle Lyn Antonelli's letter request for the U.S. Marshals Service ("USMS") to serve a summons and the Complaint on Defendants (ECF No. 11). Plaintiff's letter was filed on August 8, 2024; and

     **WHEREAS,** Plaintiff filed an *in forma pauperis* Complaint in this case on August 20, 2019 (ECF No. 1); and

     **WHEREAS** the Court performed a *sua sponte* screening of Plaintiff's Complaint and, in an Order on October 25, 2019, dismissed the Complaint in part (ECF No. 6); and

     **WHEREAS,** after issuing a Notice of Call for Dismissal due to Plaintiff's failure to effect service on Defendants, (ECF No. 8), the Court dismissed the Complaint without prejudice on March 9, 2020, pursuant to Fed. R. Civ. P. 4(m) and L. Civ. R. 41.1(a) (ECF No. 9); and

     **WHEREAS,** on March 9, 2020, the USMS certified that Plaintiff had provided it with the forms needed to help effect service (ECF No. 10). However, the USMS never served a summons and the Complaint on Defendants, apparently because the Complaint had already been dismissed; and

1

**WHEREAS,** there was no further action in this case until Plaintiff filed the letter request presently before the Court (ECF No. 11); and

**WHEREAS,** after Plaintiff filed the present letter request, Plaintiff filed several additional letters (ECF Nos. 12, 14–15) that take the general form of a complaint. The additional letters demand relief for a dispute dating to 2015 (*see, e.g.*, ECF No. 12 at 1, 4); and

**WHEREAS,** Local Civil Rule 41.1(a) of the United States District Court for the District of New Jersey provides:

> Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party.

and;

**WHEREAS,** prior to Plaintiff's present letter request, this civil matter had been pending for more than 90 days—in fact, for more than four years—without any action by Plaintiff; and

**WHEREAS,** Plaintiff has not demonstrated good cause for her failure to prosecute this case through an affidavit or qualifying document, as is required under L. Civ. R. 41.1(a);

**IT IS** on this 28th day of October 2024, hereby

**ORDERED** Plaintiff's untimely letter request for the USMS to serve a summons and the Complaint on Defendants is **DENIED** (ECF No. 11); and

**FURTHER ORDERED** Plaintiff's Complaint and this action is **DISMISSED with prejudice**; and

**FURTHER ORDERED** that the Clerk of Court shall close this case. If Plaintiff would still like to pursue legal claims against any parties, she must do so by filing a new complaint in a new case. The Court reminds Plaintiff that any complaint she files must comply with Federal

Rule of Civil Procedure 8, which requires a complaint to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Moreover, the complaint must provide facts that illustrate how or why the defendant or defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough for the complaint to contain "mere conclusory statements." *Id*. For example, a complaint cannot simply accuse a defendant of violating a law. Instead, it must also provide facts explaining how or why the defendant violated the law.

Dated: October 28 2024

KAREN M. WILLIAMS
United States District Judge

3